ARTIE ELSON v. THE STATE.

No. 7762.    Decided October 10, 1923.

1.—Unlawfully Carrying Pistol—Evidence—Res Gestae.

Where the testimony, to the effect that defendant had a small bottle of whisky and appeared to be under the influence of the liquor was a part of the *res gestae* and admissible upon the truth of defendant's testimony, there was no error; also as to the testimony of defendant's protest against his arrest would be of the same class.

2.—Same—Insufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the testimony showed that defendant was in lawful possession of the pistol and carrying it to his home, and there was no substantial deflection from his route, the conviction cannot be sustained.

Appeal from the County Court of Kaufman. Tried below before the Honorable W. P. Williams.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.00 and 90 days confinement in the county jail.

The opinion states the case.

*Woods & Morrow* for appellant.  Cited, Maines v. State, 23 Texas Crim. App., 568; Crass v. State, 3 id., 480.

. *R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for unlawfully carrying a pistol; punishment fixed at a fine of $100 and confinement in the county jail for a period of ninety days.

Appellant was arrested with a pistol in his possession.  He testified that he went from his place of abode to a point several miles away in order to fill an appointment with a man named Davis.  His purpose was to collect some money from Davis, who disclaimed having any money and tendered the pistol in question as part payment, which appellant accepted.  Appellant was an unmarried man about twenty-seven years of age.  His work required him to live in a tent on the Trinity River, but he called his mother's house, about four miles distant, his home.  He went from his tent to a point about four miles distant to meet Davis, and was about three miles on his return when he was arrested.  Davis corroborated him with reference to delivering the pistol to him.  Other witnesses corroborated the appellant to the extent of having met him on his journey to the point where he claimed to have received the pistol from Davis.

There was evidence that appellant had a small bottle of whisky and that he appeared to be under the influence of liquor.  This was controverted, and there are several bills of exceptions in the record on this subject.  Apparently this evidence was part of the *res gestae* and was admissible as bearing upon the truth of appellant's testimony.

Appellant also protested against his arrest.  This, we think, would come under the same category.

We confess our inability to discover anything in the record which controverts the theory and testimony of the appellant and his witnesses to the effect that he was in lawful possession of the pistol in carrying it to his home.  We have perceived nothing in the record which showed any substantial deflection from his route to his home.  In the absence of some testimony meeting this issue, the evidence is regarded insufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*