LE BLANC v. STATE.    (No. 10735.)

(Court of Criminal Appeals of Texas.  March 2, 1927.)

Weapons ⬅➡17(4)—Evidence held insufficient to support conviction for carrying metal knucks.

Evidence *held* insufficient to support conviction for carrying metal knucks, where defendant picked them up from dance floor and was immediately arrested.

Commissioners' Decision.

Appeal from Jefferson County Court at Law; C. N. Ellis, Judge.

Paul Le Blanc was convicted of unlawfully carrying on or about his person knucks made of metal, and he appeals. Reversed and remanded.

J. E. Rose and B. C. Johnson, both of Port Arthur, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BETHEA, J. Appellant was convicted in the county court at law of Jefferson county for the offense of unlawfully carrying on or about his person knucks made of metal, and his punishment fixed at a fine of $100.

From a careful examination of the record we find the only question before us for consideration is whether or not the facts are sufficient to support the verdict. The uncontroverted evidence in this case discloses that the appellant while dancing picked up the knucks, which were lying on the floor of the dance hall, and placed them in his pocket, and did not carry them. This was testified to by three disinterested witnesses—the young lady who was dancing with the appellant and two other witnesses. There were only two witnesses who testified in behalf of the state, two officers, and the substance of their testimony was that they arrested the appellant while he was standing on the floor of the dance hall at the place where he had a moment or two before picked up the knucks and took them off the person of the appellant.

We confess that we are unable to discover anything in the record which controverts the theory and testimony of the appellant and his witnesses to the effect that his only connection with the knucks was that he saw them lying on the floor and picked them up and placed them in his pocket to keep somebody from getting hurt with them. There is nothing in the record which tends in any way to show an unlawful carrying on or about his person of said knucks. In the absence of some testimony to this effect, the evidence is regarded as insufficient to support the verdict. Elson v. State, 95 Tex. Cr. R. 341, 254 S. W. 800.

The judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.